UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK BRIGHT,<br><br>                          Movant,<br><br>            -v.-<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | 21 Civ. 2113 (KPF) |
| UNITED STATES OF AMERICA<br><br>            -v.-<br><br>FRANK BRIGHT,<br><br>                          Defendant. | **ORDER**<br><br>18 Cr. 56-1 (KPF) |

KATHERINE POLK FAILLA, District Judge:

Frank Bright pleaded guilty to one count of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951.  (*See* 18 Cr. 56, Dkt. #103).  In a judgment dated August 22, 2019, the Court sentenced Bright principally to a term of incarceration of 240 months, to be followed by a term of supervised release of three years.  (*Id.*).  Bright appealed.

On September 1, 2020, the Second Circuit (i) denied Bright's appellate counsel's motion to withdraw, brought under *Anders* v. *California*, 386 U.S. 738 (1967); (ii) granted the Government's motion to dismiss with respect to Bright's appeal of his terms of imprisonment and supervised release; (iii) granted in part the Government's motion for summary affirmance with respect to Bright's appeal of his conviction and special assessment, and

(iv) denied the Government's motion for summary affirmance with respect to the special conditions of Bright's term of supervised release. *United States* v. *Bright*, No. 19-2748 (2d Cir. Sept. 1, 2020). The Second Circuit remanded the criminal action for a limited resentencing as to those special conditions. *Id.* Due to COVID-19 restrictions and other circumstances, Bright's resentencing has not yet occurred. Bright is represented by counsel for the purpose of resentencing.

On March 10, 2021, Bright filed a *pro se* motion seeking to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2), or in the alternative, to vacate his guilty plea, conviction, and sentence pursuant to 28 U.S.C. § 2255. (18 Cr. 56, Dkt. #129; 21 Civ. 2113, Dkt. #1). To the extent Bright seeks relief under Section 2255, the Court lacks subject matter jurisdiction to adjudicate the motion because Bright is not currently under sentence of the Court. *See United States* v. *Gonzalez*, 291 F. App'x 392, 394 (2d Cir. 2008) (summary order) ("Because Gonzalez made the motion while awaiting resentencing, and hence not while 'under sentence of a court,' the motion was not made under Section 2255." (quoting *Stantini* v. *United States*, 140 F.3d 424, 426 (2d Cir. 1998))); *see Stantini*, 140 F.3d at 426 (Section 2255 "explicitly states that '[a] prisoner in custody *under sentence of a court*' may bring such a motion, for the purpose of vacating, setting aside, or correcting '*the sentence*.' [As the movant] was not in custody under a sentence at the time he filed the Initial Motion and at the time that motion was decided, it is not properly considered a § 2255 motion." (quoting § 2255(a)) (citation omitted)).

Therefore, the motion for relief under Section 2255 is dismissed without prejudice to Bright's ability to renew the motion at the appropriate time.

The Clerk of Court is directed to file this Order in Case Numbers 21 Civ. 2113 and 18 Cr. 56-1.  The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close case 21 Civ. 2113 only.

Counsel for Bright in Case Number 18 Cr. 56-1 is directed to transmit a copy of this Order to his client.

SO ORDERED.

Dated:     March 16, 2021
           New York, New York

                                       KATHERINE POLK FAILLA
                                       United States District Judge